Filed
8/31/2016 10:00:28 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVT002302D4

CAUSE NO. _____

| | | |
|---|---|---|
| FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR. *Plaintiffs* | § § § § § | IN THE DISTRICT COURT |
| vs. | § § § § | DISTRICT COURT _____ |
| TNL EXPRESS, S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL INC. and ENRIQUETA MARTINEZ-DIAZ. *Defendants* | § § § | WEBB COUNTY, TEXAS |

<u>PLAINTIFFS, FIDEL ANGEL GARCIA AND PEDRO GUTIERREZ JR., ORIGINAL PETITION AND REQUEST FOR DISCLOSURES TO DEFENDANTS TNL EXPRESS, S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL INC. AND ENRIQUETA MARTINEZ-DIAZ.</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., hereinafter called Plaintiffs, complaining of TNL EXPRESS, S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL INC., and ENRIQUETA MARTINEZ-DIAZ, hereinafter jointly referred to as Defendants, and for cause of action show unto the Court the following:

### A. Discovery Control Plan

1. Consistent with the requirement of Rule 190.1, Plaintiff alleges that discovery is intended to be conducted under Level 2 of the Rule. Therefore, Plaintiff moves that the Court enter discovery control plan, pursuant to Level 2, of the Texas Rules of Civil Procedure.

### B. Parties

2. Plaintiff FIDEL ANGEL GARCIA is a resident of Laredo, Webb County, Texas.

3. Plaintiff PEDRO GUTIERREZ JR., is a resident of Laredo, Webb County, Texas.

4. Defendant TNL EXPRESS, S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC. is a Texas company with its principal place of business in 612 Enterprise St., Laredo, Texas 78045.

5. Defendant ENRIQUETA MARTINEZ-DIAZ is a resident of Nuevo Laredo, Tamaulipas, Mexico.

## C. Jurisdiction

6. Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas and this Court has personal jurisdiction over Defendants. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

## D. Venue

7. Venue in Webb County, Texas is proper because Plaintiff has established proper venue against Defendants TNL EXPRESS, S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC. and ENRIQUETA MARTINEZ-DIAZ in Webb County. the Court also has venue of all defendants in all claims or actions since they arise out of the same transaction, occurrence, or series of transactions or occurrences. The incident made the basis of this lawsuit occurred in Webb County, Texas.

## E. Facts

8. On or about 07-21-2015, Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., were involved in a motor vehicle accident caused by Defendant, ENRIQUETA MARTINEZ-DIAZ. Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., were struck by DEFENDANTS' vehicle. DEFENDANT, ENRIQUETA MARTINEZ-DIAZ, backed without safety. Consequently, Plaintiff FIDEL ANGEL GARCIA and

PEDRO GUTIERREZ JR., sustained serious bodily injuries. At all times relevant to this lawsuit, Defendant, ENRIQUETA MARTINEZ-DIAZ, was acting in the course and scope of his actual and/or statutory employment with Defendant, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL INC.

### F. Negligence of Defendant, ENRIQUETA MARTINEZ-DIAZ

9. ENRIQUETA MARTINEZ-DIAZ committed acts of omissions and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages. The crash in question, Plaintiffs' injuries, and Plaintiffs' damages were proximately caused by ENRIQUETA MARTINEZ-DIAZ negligent, careless and reckless acts/omissions. ENRIQUETA MARTINEZ-DIAZ negligent conduct consists of, but is not limited to, the following acts and/or omissions:

   a) failing to keep a proper lookout as a reasonable and prudent person would have done under the same or similar circumstances; and

   b) failing to stop at a proper place.

### G. Permissive Use Theory

10. Plaintiff, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., would further show that the Defendants had given ENRIQUETA MARTINEZ-DIAZ direct permission to use and operate the vehicle in question on the streets and public highways of the State of Texas on the date in question and is liable for the conduct of ENRIQUETA MARTINEZ-DIAZ.

### H. Respondeat Superior Theory

11. Plaintiff would further show that given ENRIQUETA MARTINEZ-DIAZ was employed by Defendant, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC., as its authorized agent, servant and/or employee on the date

in question. ENRIQUETA MARTINEZ-DIAZ was in the course of his employment at the time of the accident in question. Defendant, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC., is vicariously liable, accountable and/or responsible for the negligent actions of its employee ENRIQUETA MARTINEZ-DIAZ as alleged throughout this pleading.

### I. Principal Agent Theory

12. Plaintiffs would further state and allege that ENRIQUETA MARTINEZ-DIAZ was employed by Defendant, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC., as its authorized agent, servant and/or employee. As such, Plaintiffs hereby sue Defendant TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC., on the basis of the principal-agent theory. Defendant, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC., is liable, accountable and/or responsible for the negligent actions of its employee, as alleged throughout this pleading.

### J. Actual Damages

13. At the time of the accident made the basis of this suit, Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., was a healthy adult. As a result of the negligence of Defendants, TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL, INC. and ENRIQUETA MARTINEZ-DIAZ, PLAINTIFFS have suffered severe physical injury to their body, pain and suffering, mental anguish, loss of physical capacity, physical impairment, disfigurement, and reasonable and necessary medical expenses. All of these injuries have occurred in the past and will continue into the future.

14. Plaintiffs' injuries and damages were proximately caused by Defendants' negligence.

### K. Pre-Judgment and Post-Judgment Interest

15. Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., seek prejudgment and post-judgment interest as provided by law.

### L. Reservation of Rights

16. Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., reserve the right to prove the amount of damages at trial. Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR., also reserve the right to amend their petition and ask additional counts upon further discovery and as their investigation continues.

### M. Conditions Precedent

17. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

### N. Jury Demand

18. Plaintiffs in accordance with Rule 216 of the Texas Rules and Civil Procedure, request a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR.

### O. Request for Disclosures to Defendants

19. Pursuant to Rule 194 of the Texas Rules and Civil Procedure, Plaintiffs, FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR. request that Defendants TNL EXPRESS S.A. DE C.V. A/K/A TNL EXPRESS INTERNATIONAL INC. and ENRIQUETA MARTINEZ-DIAZ disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## F. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before jury, and that Plaintiff recovers judgment of and from Defendants for her damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief as Plaintiffs may show themselves to be entitled, whether at law or in equity.

Respectfully submitted,

John Saenz
Texas Bar No. 24038046
John Saenz & Associates, PC
805 Dallas Avenue
McAllen, Texas 78501
Telephone: (956) 467-0111
Fax: (956) 467-1742
*Attorney for Plaintiff FIDEL ANGEL GARCIA and PEDRO GUTIERREZ JR.*

2016CVT002302 D4

# CITATION

RETURN

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: TNL EXPRESS S.A.
    612 ENTERPRISE ST
    LAREDO, TX 78045

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2016CVT002302 D4 , styled:

FIDEL ANGEL GARCIA, PLAINTIFF
VS.
TNL EXPRESS S.A. AND
ENRIQUETA MARTINEZ- DIAZ, DEFENDANTS

Said Plaintiff's Petition was filed on 08/31/2016 in said court by:
JOHN SAENZ, ATTORNEY FOR PLAINTIFF
805 DALLAS AVE
MCALLEN, TX 78501

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 2 day of September, 2016.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
    Veronica Valenzuela

2016CVT002302 D4

# OFFICER'S RETURN

Came to hand on the _____ day of _____, 2016 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK _____.M. on the _____ day of _____, 2016, by delivering to the within named TNL EXPRESS S.A., each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                        DEPUTY

THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
                    NOTARY PUBLIC
MY COMMISSION EXPIRES _____